Macco & Stern, LLP
Attorneys for the Movants
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900
Michael J. Macco, Esq.

Hearing Date: May 21, 2015
Time: 10:30 a.m.

Objections Due: May 18, 2015
Time: 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

DANA SMITH,

                          Debtor.
-------------------------------------------------------------X

Case No. 15-71331 (AST)

Chapter 13

## NOTICE OF HEARING ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE,** that, by the motion (the "Motion"), dated April 28, 2015, Tracey McCauley, Kimberly Hysni, and Westey Smith Mandriota, individually, and in their capacity as co-successor trustees of the Gloria M. Smith Grantor Ten Year Retained Trust (collectively, the "Movants"), by and through their counsel, Macco & Stern, LLP, will move before the Honorable Alan S. Trust, United States Bankruptcy Judge, Eastern District of New York, at the Courthouse located at 290 Federal Plaza, Central Islip, New York, Room 960, on **May 21, 2015 at 10:30 a.m.** or as soon thereafter as counsel may be heard, for an order terminating the automatic stay in order to: (A) deem that the Gloria M. Smith Grantor Ten Year Retained Income Trust (the "Trust") is not property of the bankruptcy estate of Dana M. Smith (the "Debtor"), the above-referenced debtor, or, alternatively, (B)(i) continue litigating an action in the Surrogate's Court of Suffolk County; (ii) remove the Debtor as trustee of the Trust; (iii) appoint a successor trustee or co-successor trustees to the Trust; (iv) wind-down and administer the assets of the Trust; (v) market and sell certain real property owned by the Trust; and (vi) pursue a remedy as to certain real property owned by the Trust.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief sought in the Motion must conform to the Bankruptcy Rules and Local Bankruptcy Rules for the Eastern District of New York, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with General Order 461, be registered users of the Bankruptcy Court's filing system and, by all other parties in interest, on a 3.5 inch disk, in portable document format (PDF), WordPerfect, Microsoft Word DOS text (ASCII) or a scanned imaged of the filling, with a hard copy delivered directly to Chambers, and may be served in accordance with General Order 462, and upon (i) counsel to the Movants, Macco & Stern, LLP, 135 Pinelawn Road, Suite 120 South, Melville, New York 11747; (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722; (iii) the Debtor and her counsel; and (iv) Marianne DeRosa, the chapter 13 trustee, so as to be received no later than **May 18, 2015 at 5:00 p.m.**

Dated: April __, 2015
       Melville, NY

                                        MACCO & STERN, LLP
                                        Attorneys for the Movants

By:  _____
     Michael J. Macco
     A Member of the Firm
     135 Pinelawn Road, Suite 120 South
     Melville, New York 11747
     (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                                  Case No. 15-71331 (AST)

DANA SMITH,                                                       Chapter 13

                                      Debtor.
-------------------------------------------------------------------X

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Tracey McCauley ("Tracey"), Kimberly Hysni ("Kimberly"), and Westey Smith Mandriota ("Westey"), individually, and in their capacity as co-successor trustees of the Gloria M. Smith Grantor Ten Year Retained Trust (collectively, the "Movants"), by and through their counsel, Macco & Stern, LLP, move this court for an order terminating the automatic stay in order to: (A) deem that the Gloria M. Smith Grantor Ten Year Retained Income Trust (the "Trust") is not property of the bankruptcy estate of Dana M. Smith (the "Debtor"), the above-referenced debtor, or, alternatively, (B)(i) continue litigating an action in the Surrogate's Court of Suffolk County; (ii) remove the Debtor as trustee of the Trust; (iii) appoint a successor trustee or co-successor trustees to the Trust; (iv) wind-down and administer the assets of the Trust; (v) market and sell certain real property owned by the Trust; and (vi) pursue a remedy as to certain real property owned by the Trust, and respectfully set forth as follows:

## BACKGROUND

1.      Tracey, Kimberly, Westey and the Debtor are the four (4) daughters of Gloria M. Smith ("Gloria"), and therefore sisters.

2.      By trust agreement (the "Trust Agreement"), dated April 23, 1990, Gloria created the Trust as an irrevocable trust. A copy of the Trust Agreement is annexed hereto as **Exhibit A**.

3. Pursuant to the Trust Agreement, Gloria nominated the Debtor as trustee of the Trust. At the time of the Trust's creation, the property of the trust was as follows: (1) a one hundred (100%) percent interest in residential real property located at and known as 167 East Shore Road, Huntington Bay, New York ("East Point"); and (2) a fifty (50%) percent interest in non-residential real property located at and known as 1038 New York Avenue, Huntington Station, New York (the "Commercial Property"). The Debtor owned the remaining fifty (50%) percent interest in the Commercial Property. Both East Point and the Commercial Property were transferred to the Trust from a previous trust created by Gloria.

4. In May 1994, the Commercial Property was sold by the Trust and the Debtor, with the Trust and Debtor both taking: (1) a mortgage in the Commercial Property; and (2) cash proceeds.

5. The cash proceeds of the sale were used in connection with a "1031 Like-Kind Exchange" to purchase a condominium located at and known as 26664 Seagull Way, B216, Malibu, California (the "Malibu Condo") on or about November 25, 1994. The Debtor, individually, and the Trust each took a fifty (50%) percent interest in the Malibu Condo. The purchase of the Malibu Condo was an all cash purchase, with no mortgage.

6. The Trust and the Debtor, individually, were each entitled to fifty (50%) of the proceeds of the mortgage on the Commercial Property (the "Commercial Mortgage"). The Trust's portion of the proceeds was used to cover the costs associated with East Point and the Malibu Condo while the Commercial Mortgage was in effect.

7. On December 5, 1994, without the knowledge or consent of the Movants, as beneficiaries of the Trust, the Debtor executed a Quit Claim Deed conveying the Trust's fifty (50%) percent interest in the Malibu Condo to the Debtor, individually. Thereafter, the Debtor,

individually, took an eighty (80%) loan-to-value mortgage in the Malibu Condo (the "Malibu Mortgage"). The proceeds of the Malibu Mortgage are currently unaccounted for.

8. On January 12, 1995, the Debtor, without the knowledge or consent of the Movants, transferred a fifty (50%) percent interest in the Malibu Condo, now encumbered by the Malibu Mortgage, back to the Trust, greatly reducing the value of the assets of the Trust.

9. The Trust was created with as a ten (10) year grantor retained income trust, but would terminate sooner upon the death of Gloria prior to the expiration of the Trust's term. Upon the day before the Trust's termination on April 22, 2000, the Trust's remainder would be distributed among its beneficiaries, the Movants and the Debtor.

10. Between the creation of the Trust and 2014, Debtor mismanaged and wasted substantial assets of the Trust.

11. By its terms, the Trust was set to terminate on April 22, 2000. However, the Debtor has refused to administer the remaining assets of the Trust since that time.

12. On or about June 6, 2013, Gloria, who resided at East Point, died. Despite Movants request, Debtor refused to administer the remaining assets of the Trust.

13. Since Gloria's death, Movants have been apprised by others that the Debtor has been collecting rental payments under written agreements of lease from one or two tenants of the Malibu Condo. Movants believe that the Debtor is keeping the Trust's fifty percent (50%) interest in the rental payments.

14. At the present time, East Point has accrued approximately $300,000 in property tax obligations to Suffolk County (the "Tax Obligations").

15. The Trust received a written cash offer to purchase East Point for $4.2 Million, without any marketing of East Point, with the potential purchaser fully aware of the Tax Obligations.

16. On or about April 23, 2014, Movants filed a petition (the "Removal Petition"), in the Surrogates Court of Suffolk County (the "Surrogate's Court"), seeking to remove the Debtor as trustee of the Trust and appoint Movants as successor trustees pursuant to NY EPTL §7-2.6 and SCPA §1502(5), assigned file number 3264/2013 (the "Surrogate's Court Action"). A copy of the Removal Petition is annexed hereto as **Exhibit B**.

17. The Surrogate's Court had a hearing on the Removal Petition on March 24, 2015, in which the Debtor's counsel requested an order granting leave to withdraw as counsel. The Surrogate's Court granted the Debtor's counsel leave to withdraw as counsel and gave the Debtor seven (7) days to retain new counsel and appear.

18. On March 30, 2015 (the "Petition Date"), the Debtor filed a voluntary petition (the "Chapter 13 Petition") for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

19. By order (the "Suspension Order"), dated April 8, 2015, the Surrogate's Court suspended the Debtor as trustee of the Trust, appointed the Movants as successor co-trustees of the Trust for the purpose of selling East Point, administering the remaining assets of the Trust, pursuant to SCPA §1502(5), so that the Trust can be wound up and its assets distributed. A copy of the Suspension Order is annexed hereto as **Exhibit C.**

20. The Suspension Order also directed that parties to appear at a hearing on May 5, 2015 on the Debtor's removal as trustee of the Trust, as well as the status of related matters.

Case 8-15-71331-ast    Doc 21    Filed 04/28/15    Entered 04/28/15 14:57:39

21. Additionally, in 2014, the Debtor, as trustee of the Trust received payment from (1) a homeowner's insurance policy, and (2) Gloria's life insurance (collectively, the "Insurance Proceeds"), that were payable to the Trust. The Debtor was directed by order of the Surrogate's Court to pay a portion of the Tax Obligations with the Insurance Proceeds. Although the Debtor did pay a portion of the Tax Obligations, the Debtor has not accounted for the portion of the Insurance Proceeds that remained in her possession and control, approximately $10,000. Upon information and belief, Movants believe that the remaining proceeds of the Insurance Proceeds, which are assets of the Trust, were used by the Debtor to fund the filing of the Debtor's bankruptcy petition.

22. Although the Movants believe that East Point and a fifty (50%) percent interest in the Malibu Condo are property of the Trust, Debtor listed a: (i) one-third (1/3) interest in East Point; and (ii) a sixty-two and a half (62.5%) percent interest in the Malibu Condo on Schedule A to the Chapter 13 Petition.

23. Although the Movants believe that East Point and a fifty (50%) percent interest in the Malibu Condo are property of the Trust, and the Surrogate's Court Action can be continued without relief from the stay, out of an abundance of caution, the Movants seek an order of the Bankruptcy Court granting such relief.

## JURISDICTION AND VENUE

24. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for relief are 11 U.S.C. §§362(a) and (d) and Rules 4001 and 7062 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

25. Bankruptcy Code §362 provides that a "petition . . . under [the Bankruptcy Code] . . . operates as a stay, applicable to all entities, of (1) commencement or continuation, . . . of judicial, administrative, or other action or proceeding against the debtor . . . [or] (3) any act to obtain possession of property of the estate or of property of the estate or to exercise control over property of the estate".

26. Pursuant to Bankruptcy Code §362, as of the Petition Date, all persons were enjoined and stayed from commencing or continuing any suit against the Debtor.

27. Movants believe that neither the Debtor nor the Debtor's estate has any interest in East Point as it is property of the Trust, other than the Debtors' contingent interest upon the sale and administration of all assets of the Trust.

28. Although the Debtor may be entitled to a portion of the funds from the sale of East Point, as a beneficiary of the Trust, the Movants do not believe that selling East Point is exercising control over the property of the estate.

29. Additionally, the Movants do not believe that the continued litigation of the Surrogate's Court Action will violate the automatic stay pursuant to Bankruptcy Code §362

30. However, out of an abundance of caution, Movants request an order of the Court allowing them to continue the Surrogate's Court Action, permanently remove the Debtor as the trustee of the Trust, seek appointment of a successor trustee, wind-down and administer the assets of the Trust, market and sell East Point, turn over the Debtor's portion of the East Point proceeds to the chapter 13 Trustee in order to distribute such proceeds to the Debtor's creditors, and seek a remedy as to the Trust's interest in the rental payments arising from the Malibu Condo.

31. Bankruptcy Code §362(d) permits "relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

32. Movants' interest in East Point is not adequately protected because approximately $3,000 per month is currently accruing in interest on the Tax Obligations, there is no money for the costs and upkeep associated with East Point, East Point is losing value due to the failure of the Debtor to pay for maintenance costs. As time passes, the Movants lose value and incur increases in the Tax Obligations due to the failure of the Debtor to properly and timely administer the assets of the Trust.

33. Additionally, there is an imminent risk of a foreclosure sale of East Point in order to satisfy the Tax Obligations. A foreclosure sale would not recognize the full value of East Point and would be detrimental to the Trust and its beneficiaries, including the Movants.

34. Although "adequate protection" is not defined, Bankruptcy Code §361 allows a debtor or trustee to provide adequate protection in the form of (1) periodic cash payments; (2) an additional or replacement lien; or (3) the indubitable equivalent of such interest in property.

35. Here, the Movants interest in the property is not a lien, and cannot be replaced. Cash payments would be largely insufficient to protect Movants' interest in East Point, as that property is maximized by the marketing and sale of East Point. There is no indubitable equivalent which can be provided to the Movants.

36. Accordingly, the Movants respectfully request that the Court enter an order terminating the automatic stay as to (A) Deem the Trust not property of the Debtor's estate, or, alternatively (B)(i) continue litigating an action in the Surrogate's Court of Suffolk County; (ii) remove the Debtor as trustee of the Trust; (iii) appoint a successor trustee to the Trust; (iv) wind-

down and administer the assets of the Trust; (v) market and sell certain real property owned by the Trust; and (vi) pursue a remedy as to certain real property owned by the Trust.

### NOTICE

37. The Movants have served the Notice of this Motion, the Motion with all exhibits, upon: (1) the Debtor and her counsel; (2) the Chapter 13 Trustee; and (3) the Office of the United States Trustee. The Movants submit that further notice is neither required nor necessary.

38. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Movants respectfully request the Court enter an order terminating the automatic stay to (A) deem the Trust not property of the Debtor's estate, or, alternatively (B)(i) continue litigating an action in the Surrogate's Court of Suffolk County; (ii) remove the Debtor, as trustee of the Trust; (iii) appoint a successor trustee to the Trust; (iv) wind-down and administer the assets of the Trust; (v) market and sell certain real property owned by the Trust; and (vi) pursue a remedy as to certain real property owned by the Trust, granting such other and further relief and the Court deems just and proper.

Dated: April 28, 2015
Melville, NY

MACCO & STERN, LLP
Attorneys for the Movants

By: _____
Michael J. Macco
A Member of the Firm
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900