**EXHIBIT "E"**

Index No.: 2199-11

SUPREME COURT - STATE OF NEW YORK
I.A.S. Part 39 - SUFFOLK COUNTY

PRESENT:
Hon. DENISE F. MOLIA,
        Justice

---

DANA A. SMITH,

        Plaintiff,

- against -

KIMBERLY S. HYSNI,

        Defendants.

---

CASE DISPOSED: NO
MOTION R/D: 8/24/11
SUBMISSION DATE: 12/16/11
MOTION SEQUENCE No.: 001 MOT D

ATTORNEY FOR PLAINTIFF
Heller Horowitz & Feit
292 Madison Avenue
New York, New York 10017

ATTORNEYS FOR DEFENDANT
Law Office of James D. Morin PC
125 Roanoke Avenue
Riverhead, New York 11901

---

Upon the following papers filed and considered relative to this matter:

Amended Notice of Motion dated August 1, 2011; Affidavit in Support dated August 2, 2011; Affirmation in Support dated August 2, 2011; Exhibits A through F annexed thereto; Affidavit in Opposition dated December 9, 2011; Affirmation in Opposition dated December 8, 2011; Reply Affirmation dated January 20, 2012; Reply Affidavit dated January 19, 2012; and upon due deliberation; it is

*ORDERED*, that the motion by defendant, pursuant to CPLR 3211(a), for an Order dismissing the Complaint on the grounds that it fails to state a cause of action, is denied with leave to renew upon the completion of disclosure.

The underlying Complaint alleges causes of action for fraud, unjust enrichment, legal malpractice, and breach of fiduciary duty in connection with the establishment, drafting and enforcement of a family trust, established by Gloria M. Smith, the mother of both the plaintiff and defendant. The defendant seeks a pre-Answer dismissal of the Complaint for a variety of reasons, including that defendant is a resident of California and alleges that she has not had significant contacts with New York sufficient to render her reachable under the long-arm jurisdiction statute. The plaintiff has disputed this claim, and has alleged that defendant has had significantly more contacts with this state than reflected in her affidavit in support of the instant motion.

The parties also in sharp disagreement as to the circumstances surrounding the inclusion of certain real property into the subject family trust, the distribution of the assets therein, and the actions of the various parties to the litigation. Without further documentary evidence or the deposition testimony of the parties, there are insufficient undisputed facts presented to the court which would permit the granting of the requested relief.

The foregoing constitutes the Order of this Court.

Dated: March 12, 2012

                                                                         Hon. Denise F. Molia, J.S.C.

HELLER, HOROWITZ & FEIT, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------X
DANA A. SMITH,

        Plaintiff,

  -against-

KIMBERLY S. HYSNI,

        Defendant.
---------------------------------------X

Index No. 02199/11

COMPLAINT

  Plaintiff, by her attorneys, Heller Horowitz & Feit, P.C., as and for her Complaint against the defendant Kimberly S. Hysni, alleges as follows:

### The Parties

  1. Plaintiff Dana A. Smith ("Dana") is a resident of the State of New York with an address at 167 East Shore Road, Huntington, New York 11743.

  2. Upon information and belief, defendant Kimberly S. Hysni ("Kimberly") is a resident of the State of California with an address at 13825 Camino Del Suelo, San Diego, California 92129.

### Introduction

  3. This action arises out of Kimberly's fraudulent and deceitful conduct whereby, among other things, she falsified an alleged trust document in order to gain a financial interest in a valuable commercial property. Kimberly perpetrated the fraud when, without the knowledge, authorization or consent of plaintiff, she inserted a description of the commercial property owned by plaintiff and her mother (but not intended to be part of that those documents) into the alleged trust schedule of property **after** the alleged trust had been executed by plaintiff

and her mother.

## Background

4. Dana and Kimberly are sisters.

5. Upon information and belief, Kimberly is an attorney licensed to practice law in the State of California.

6. From at least 1981 to date, Kimberly has represented her mother, Dana and their other two sisters, as legal counsel, in many family real estate matters including, but not limited to, handling legal work relating to a family owned Florida property, real estate tax issues, deed issues and, most recently, in connection with a proposed offer from an adjacent land owner. Because of her legal degree, experience and background, Kimberly has also functioned as family liaison (in effect, "in house family counsel") to various lawyers handling other legal matters on behalf of the family including, but not limited to, the trusts at issue in this lawsuit.

7. In or about 1989, Gloria M. Smith ("Gloria"), Dana and Kimberly's mother, was the owner of a residential property located at 167 East Shore Road, Huntington, New York (the "Residential Property").

8. In or about 1989, Gloria and Dana were the owners, as 50% joint tenants with rights of survivorship, of a commercial property located at 1038 New York Avenue, Huntington Station, New York (the "Commercial Property").

9. In or about 1989, Gloria as Grantor, and Gloria and Dana, as Trustees, executed an alleged revocable trust whereby "the property set forth on Schedule A" was placed in trust for the equal benefit of grantor's four children. It was at all times believed by Dana and Gloria, that the "property" that was being placed in the alleged trust was the Residential Property,

2

10. Dana executed the 1989 Revocable Trust in Kimberly's presence and under her supervision in the State of California.

11. Gloria executed the 1989 Revocable Trust in New York.

12. At the time the trust was executed by Dana and Gloria, Schedule A had yet to be annexed to the alleged trust.

13. On or about April 23, 1990, Gloria, as Grantor, and Dana, as Trustee, were asked to sign a new trust document (the "1990 Trust"). This new trust document, which was known as the "Gloria M. Smith Grantor Ten Year Retained Income Trust," transferred to the trustee "the property described in Schedule A hereto." Once again, the beneficiaries of the trust were Grantor's issue.

14. It was at all times understood by Gloria and Dana that 1990 Trust was to be funded with the Residential Property only.

15. At the time the 1990 Trust was signed and each page thereto was initialed by Dana and Gloria no Schedule A was attached to this alleged trust.

16. Upon information and belief, the 1990 Trust was flawed, incomplete and full of mistakes.

17. Moreover, the Commercial Property did not meet the requirements of GRIT law deadlines which required that each transfer and certified appraisal be completed by a specific date certain in 1990.

### Kimberly Fraudulently Funds the Trusts with the Residential Property and the Commercial Property

18. Unbeknownst to Dana and her mother, after the Revocable Trust was signed in 1989 and the 1990 Trust was signed on April 23, 1990, Kimberly annexed Schedule A

to these trusts. Rather than including in Schedule A the Residential Property, only, as was the intended purpose of Gloria and Dana when the trusts were executed, Kimberly unilaterally included in the Schedule A property descriptions to both the Residential Property and the Commercial Property.

19. At the time the trusts were executed, neither Dana nor Gloria agreed to include the Commercial Property in either the Revocable Trust or the 1990 Trust.

20. Upon information and belief, Kimberly intended to and succeeded in concealing the alleged trust Schedule information from Dana and Gloria.

### Dana Discovers the Fraud

21. In and around 2008, Dana was attempting to procure originals of multiple documents relating to all properties, transactions, mortgages, deeds and trusts over a thirty year period by getting stacks of documents from old house files. In or about late January/early February 2009, it became apparent to Dana, for the first time, that the schedules including descriptions to both the Residential Property and the Commercial Property had been attached to the trust.

22. At the time these documents were signed, neither Dana nor her mother had any intention to transfer the Commercial Property into these trusts; and Kimberly was fully aware that Gloria and Dana had no intention to do so.

### AS AND FOR A FIRST CAUSE OF ACTION
(Fraud and Deceit)

23. Repeats and realleges each and every allegation set forth in paragraphs 1 through 22 with the same force and effect as though more fully set forth herein.

24. As hereinabove alleged, at the time Gloria and Dana executed the trust documents as Grantor and Trustee, respectively, it was their understanding and belief that the only property to be funded into the trusts was the Residential Property.

25. At no time did they intend by the execution of the trust documents to transfer any other property interests into the trusts including, but not limited to, any interests in or to the Commercial Property.

26. Kimberly, however, fully intended to include both the Residential Property and the Commercial Property on Schedule A to the trust instruments but never disclosed this intention to Gloria or Dana either before, during or after the trusts were executed.

27. In and around late January/early February 2009, it became apparent to Dana, for the first time, that descriptions to both the Residential Property and the Commercial Property were attached by Kimberly to the trust. She found this when she was conducting a search for original documents and was given copies of the complete document after she had contacted the attorney who she believed had prepared the trusts.

28. Prior to the discovery of the fraud, there was nothing plaintiff could have done in the exercise of reasonable diligence that would have uncovered the fraud perpetrated by defendant.

29. Defendant failed to disclose to Gloria and Dana, and actively concealed the fact, that she intended to annex to the executed trust documents – post execution – a Schedule A that included both the Residential Property and Commercial Property.

30. The inclusion of both the Residential Property and Commercial Property in Schedule A to the trusts was a material fact that should have been disclosed to plaintiff and her mother.

31. Plaintiff and Gloria justifiably and reasonably relied upon the fact that the trust documents were to be for the Residential Property only when they executed the trusts. Such reliance was known to the plaintiff.

32. Kimberly, on the other hand, knew that she intended to and would annex a Schedule A to the trusts that would include both the Residential Property and Commercial Property, that Plaintiff and Gloria were relying on false, misleading and deceptive information when executing the trusts and that the failure to disclose, and active concealment of this material fact, was to induce and coerce Gloria and Dana to execute the trusts.

33. To this day, Kimberly has actively concealed the fact that she annexed to Schedule A, after the trusts were signed, descriptions of both the Residential Property and Commercial Property.

34. By virtue of the Kimberly's fraudulent and deceitful conduct, as hereinabove alleged, Dana has been defrauded and deceived by Kimberly.

35. As a result of the Kimberly's fraudulent and deceitful conduct, Dana has been damaged in an amount to be determined by the Court but no less than $5,000,000.00.

36. Kimberly's fraudulent and deceitful acts, constituted willful indifference, were willful and wanton, and in reckless disregard for Dana and their mother. Such conduct entitles Dana to an award of punitive damages in the amount of $5,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

37. Repeats and realleges each and every allegation set forth in paragraphs 1 through 36 with the same force and effect as though fully set forth herein.

38. By being a beneficiary of the trusts into which the Commercial Property was transferred, Kimberly has been unjustly enriched.

39. The improper conduct of Kimberly was willful and wanton. Such conduct entitles plaintiff to an award of punitive damages.

40. Based on the foregoing, Dana has been damaged in an amount to be determined by the Court but no less than $5,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Legal Malpractice)

41. Repeats and realleges each and every allegation set forth in paragraphs 1 through 40 with the same force and effect as though fully set forth herein.

42. As hereinabove alleged, Kimberly, an attorney licensed to practice law in the state of California, represented Dana and other family members since 1981 in connection with various family legal matters. Because of her legal background and experience, Kimberly also acted as the family legal liaison in connection with matters on which other attorneys worked including, but not limited to, the trusts at issue in this matter.

43. Kimberly has continuously represented the Dana, her mother and sisters in real estate and other legal matters since 1981.

44. Kimberly has failed to exercise that degree of skill commonly exercised by an ordinary member of the legal community.

45. Kimberly's failure to understand and/or obtain an understanding of the ramifications of the property transfer was negligent.

46. As a result of the surreptitious transfer of the Commercial Property into the trust, Gloria and Dana will be damaged not only because their interests in the Commercial Property were misappropriated but because, upon information and belief, this transfer will ultimately result in, among other things, negative tax consequences.

47. Based on the foregoing, Dana has been damaged in an amount to be determined by the Court but no less than $5,000,000.00.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Breach of Fiduciary Duty)

48. Repeats and realleges each and every allegation set forth in paragraphs 1 through 47 with the same force and effect as though fully set forth herein.

49. As the family attorney and liaison to legal counsel performing legal work on behalf of Dana, Gloria and her sisters, Kimberly has at all relevant times owed them a fiduciary duty of undivided loyalty, including a duty to protect their respective interests. As part of this fiduciary duty of undivided loyalty, Kimberly cannot put her own interests or the interests of any other person, entity or venture above those of her family and, in particular, Dana and Gloria.

50. In breach, repudiation and violation of her fiduciary duty to Dana and Gloria, Kimberly elected to attach to the trusts (which included her as a beneficiary) a schedule that included the Commercial Property – a property that was never intended by Gloria or Dana to be included in the trusts.

51. In making this decision, Kimberly was not motivated by her duty to protect the best interests of Gloria or Dana. Rather, upon information and belief, the principal, if not sole reason, for this conduct was to take Gloria's 50% ownership interest in this piece of commercial real estate (which was to go to Dana as joint tenant with rights of survivorship) and put it in a trust in which she owned an interest.

52. Kimberly knew that neither her mother nor Dana had any intention of relinquishing their ownership interests in the Commercial Property; nor did they have any motive, desire or reason to include this piece of commercial real estate in the trusts.

53. Kimberly while acting in her capacity as a fiduciary for her mother and Dana, appropriated for her own benefit the value of Dana's equity interest in the Commercial Property.

54. The improper conduct of Kimberly was willful and wanton. Such conduct entitles plaintiff to an award of punitive damages.

55. Based on the foregoing, Dana has been damaged in an amount to be determined by the Court but no less than $5,000,000.00.

**WHEREFORE**, plaintiff demands judgment as follows:

a. On her First, Second, Third and Fourth Causes of Action, damages in an amount to be determined by the Court but no less than $5,000,000.00;

b. Punitive damages in the amount of $5,000,000.00; and

c. Such other and further relief as to the Court may seem just and proper

9

Dated:  New York, New York
July 8, 2011

                                    HELLER, HOROWITZ & FEIT, P.C.

                                    By: _____
                                        Alan A. Heller
                                  *Attorneys for Plaintiff*
                                  292 Madison Avenue
                                  New York, New York 10017
                                  (212) 685-7600

TO:    **KIMBERLY S. HYSNI, ESQ.**
        *Defendant pro se*
        13825 Camino Del Suelo
        San Diego, California 92129

(191032v1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------X

DANA A. SMITH,

                      *Plaintiff*,

        -against-

KIMBERLY S. HYSNI,

                      *Defendant.*
------------------------------------X
------------------------------------X

Index No. 02199/11

*AFFIDAVIT OF SERVICE*

STATE OF NEW YORK   )
                            ) ss.:
COUNTY OF NEW YORK)

       **LESLIE TRAMMELL**, being duly sworn, deposes and says:

       I am not a party to the within action, am over 18 years of age and reside in Westchester County, New York.

       On July 8, 2011, I served a copy of a ***COMPLAINT*** by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following attorney at the following address designated for that purpose:

                      **KIMBERLY S. HYSNI, ESQ.**
                      13825 Camino Del Suelo
                      San Diego, California 92129

                                        */s/ Leslie Trammell*
                                        LESLIE TRAMMELL

Sworn to before me this
8TH day of July, 2011

*/s/ Notary*
Notary Public

ALAN A. HELLER
Notary Public, State of New York
No. 02HE5026529
Qualified in Nassau County
Commission Expires April 18, 20__

*Index No. 02199/11*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

DANA A. SMITH,

                                *Plaintiff,*

            -against-

KIMBERLY S. HYSNI,

                                *Defendant.*

## COMPLAINT

HELLER, HOROWITZ & FEIT, P.C.
292 MADISON AVENUE
NEW YORK, NEW YORK 10017
(212) 685-7600

*Attorneys for Plaintiff*

| To | Signature (Rule 130-1.1-a) |
|---|---|
| Attorney(s) for | Alan A. Heller |

*Service of the within*                                                                 *is hereby admitted*

*Dated:*                                                          *Attorneys for*

| NOTICE OF ENTRY | NOTICE OF SETTLEMENT |
|---|---|
| **PLEASE TAKE NOTICE** that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on | **PLEASE TAKE NOTICE** that an order of which the within is a true copy will be presented for settlement to the Hon. One of the judges of the within named Court, at on at |
| Dated, <br> Yours, etc <br> HELLER, HOROWITZ & FEIT, P.C. <br> 292 MADISON AVENUE <br> NEW YORK, NEW YORK 10017 | Dated, <br> Yours, etc. <br> HELLER, HOROWITZ & FEIT, P.C. <br> 292 MADISON AVENUE <br> NEW YORK, NEW YORK 10017 |
| To <br> Attorney(s) for | To <br> Attorney(s) for |